IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**JAMES PHILIP DAUGHERTY,**

    **Movant,**

v.                                       **Case No. 2:16-cv-07720**
                                          **Criminal Case No. 2:15-cr-00121**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Movant James Philip Daugherty's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (ECF No. 15).[1] This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Movant's Motion is without merit; therefore, the undersigned respectfully **RECOMMENDS** that his § 2255 Motion be **DENIED**, and this matter be **DISMISSED, with prejudice,** and removed from the docket of the Court.

**I.**    **Factual and Procedural Background**

In May 2015, Movant executed a plea agreement in which he agreed to plead guilty to one count of possessing a firearm in furtherance of a drug-trafficking crime in violation

---

[1] The docket entries cited in this PF & R correspond to Movant's criminal case number 2:15-cr-00121.

of 18 U.S.C. § 924(c)(1)(A) ("§ 924(c)(1)(A)"). (ECF No. 7). Pursuant to the plea agreement, Movant waived his right to seek appellate review so long as his sentence was within the range established in § 2K2.4 of the United States Sentencing Guidelines (the "Guidelines"). (*Id.* at 4-5). Movant also waived his right to collateral review except on the basis of ineffective assistance of counsel. (*Id.*). The Court held a plea hearing and determined that Movant's guilty plea was entered knowingly and voluntarily. (ECF No. 20-2). Therefore, Movant's judgment of conviction was imposed on September 23, 2015, and he was sentenced to the statutory minimum period of incarceration of five years under § 924(c)(1)(A)(i). (ECF Nos. 11, 12). Movant's sentence fell within the range stated in § 2K2.4 of the Guidelines, which provided that the sentence for a defendant convicted of violating § 924(c) was the minimum term required by statute. United States Sentencing Commission, *Guidelines Manual*, § 2K2.4(b) (Nov. 2014).

Despite Movant's waiver of collateral review, Movant filed the instant motion under § 2255 on August 1, 2016. (ECF No. 15). Movant states that the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") concluded in *United States v. Myers*, 280 F.3d 407, 417 (4th Cir. 2002) that the use of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) was a "crime of violence" as the term is defined in 18 U.S.C. § 16(b) ("§ 16(b)"). (ECF No. 15 at 4). According to Movant, the definition of "crime of violence" in § 16(b) is strikingly similar to the definition of "crime of violence" in the Armed Career Criminal Act ("ACCA") that the Supreme Court of the United States ("Supreme Court") determined was unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). (*Id.*). Therefore, Movant argues "that his conviction for 18 U.S.C. § 924(c)(1)(A) can no longer be sustained, as a crime of violence, and as such, must be vacated." (*Id.* at 5).

2

Respondent filed a motion to dismiss Movant's § 2255 action on the basis that Movant "expressly waived his right to collaterally attack his sentence in a written plea agreement." (ECF Nos. 20 at 1, 21 at 4). Respondent further asserts that Movant's argument that his conviction should be vacated in light of *Johnson* is without merit. (ECF No. 21 at 4-5).

## II. Discussion

Movant's plea agreement waives his right to collaterally attack his conviction or sentence on any basis other than ineffective assistance of counsel. His instant § 2255 motion does not assert that his conviction and sentence should be vacated based upon constitutionally deficient counsel, but instead argues that he was convicted pursuant to an unconstitutionally vague definition of "crime of violence" under *Johnson* and other cases. (ECF No. 15).

"Guilty pleas typically 'are accorded a great measure of finality.'" *Armstrong v. United States*, No. 4:11-cr-5-FL-1, 2016 WL 4007580, at *2 (E.D.N.C. July 26, 2016), *appeal dismissed,* 670 F. App'x 831 (4th Cir. 2016), *cert. denied,* 137 S. Ct. 1214 (2017) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). Therefore, "[t]o ensure finality, prosecutors routinely secure waivers of appeal and collateral attack rights as a term of the agreement" and courts "generally enforce these waivers, so long as the defendant knowingly and voluntarily agreed to them." *Id.* (citing *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) and *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990)). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

Here, Movant does not argue that the collateral attack waiver in his plea agreement was unknowing or involuntary. Furthermore, Movant does not state that his instant action falls beyond the scope of the waiver. Other district courts in the Fourth Circuit have held that a collateral attack waiver is effective against an alleged error stemming from a subsequent change in the law, such as the *Johnson* decision. *Armstrong*, 2016 WL 4007580, at *2; *Taylor v. United States*, No. 1:08-cr-211-1, 2016 WL 5819812, at *1 n.1 (M.D.N.C. June 27, 2016), *report and recommendation adopted,* 2016 WL 5818552 (M.D.N.C. Oct. 5, 2016); *Williams v. United States*, No. 3:12-CR-72-FDW-1, 2016 WL 183496, at *2–3 (W.D.N.C. Jan. 14, 2016); *contra United States v. Johnston*, No. 3:08-CR-00042, 2017 WL 3326971, at *3 (W.D. Va. Aug. 3, 2017) (finding that collateral attack waiver did not preclude *Johnson* claim).

Regardless, even if Movant's motion to vacate his conviction and sentence is not barred by his waiver of collateral attack, it clearly fails on the merits. Movant was convicted of violating § 924(c)(1)(A), which mandates a statutory minimum sentence for an individual who "during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." The term "crime of violence" is statutorily defined in § 16(b) as any felony that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Movant appreciates the fact that he was convicted of violating § 924(c)(1)(A) because he possessed a firearm during and in relation to a drug trafficking crime. However, Movant argues that the Fourth Circuit's holding in *Myers* established that possessing a firearm in relation to a drug trafficking crime is, in fact, a "crime of violence" under § 16(b). Therefore, Movant argues that because a portion of the definition of a "crime of violence" in § 16(b) was ruled

4

unconstitutionally vague in cases applying the *Johnson* decision, his conviction must be vacated. (ECF No. 15 at 5).

Movant's application of federal case law to the facts of his case is unavailing. In *Myers*, the Fourth Circuit considered on direct appeal whether the district court erred in imposing restitution, which was statutorily mandated when a defendant was convicted of a "crime of violence" as defined in 18 U.S.C. § 16. *Myers*, 280 F.3d at 416, 417 n.4. Like Movant, Myers was convicted of possessing and using a firearm in furtherance of drug trafficking in violation of § 924(c)(1)(A). *Id.* at 410. Myers argued that "because there can be possession and use of a firearm in furtherance where no violence took place, it follows that such possession and use of a firearm is not *ipso facto* a crime of violence where the underlying predicate offense is a drug trafficking crime." *Id.* at 416. The Fourth Circuit concluded that "[b]ecause using firearms to further one's drug business clearly presents a 'substantial risk' of 'physical force,' Myers' conviction" fell within the definition of "crime of violence" in § 16(b). *Id.* at 417 n.4. Therefore, the Fourth Circuit held that the district court did not err in imposing restitution in Myers' case. *Id.* at 417.

Based on *Myers*, Movant contends that he was convicted of a "crime of violence" as defined in § 16(b), which means that the *Johnson* analysis applies to his conviction. (ECF No. 15 at 5). In *Johnson*, the Supreme Court considered the definition of "violent felony" in the ACCA, which included conduct that presented a serious potential risk of physical injury to another. *Johnson*, 135 S. Ct. at 2555 (citing 18 U.S.C. § 924(e)(2)(B)). The Supreme Court held that the foregoing definition of violent felony, referred to as the ACCA's "residual clause," was unconstitutionally vague, thereby violating due process guarantees. *Id.* at 2563. In a subsequent case, the Supreme Court applied the *Johnson* analysis to the definition of "crime of violence" in § 16(b) as it was incorporated into the

Immigration and Nationality Act's definition of "aggravated felony." The Supreme Court stated that "just like ACCA's residual clause, § 16(b) 'produces more unpredictability and arbitrariness than the Due Process Clause tolerates.'" *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018) (quoting *Johnson*, 135 S. Ct. at 2558).

Movant argues that the *Myers* decision brings his conviction for possession of a firearm in connection with drug trafficking within the ambit of the *Johnson* decision and related case law concerning an unconstitutionally vague definition of "crime of violence." However, *Myers* concerned only whether restitution was proper. No aspect of the Fourth Circuit's holding in *Myers* has been applied to vacate a conviction for possession of a firearm in connection with drug trafficking following the *Johnson* decision that was issued many years after *Myers*. To the contrary, the Fourth Circuit continues to differentiate between convictions under § 924(c) for possession of a firearm in connection with a drug trafficking crime, as opposed to possession of a firearm in connection with a crime of violence. *United States v. Hare*, 820 F.3d 93, 105–06 (4th Cir.), *cert. denied,* 137 S. Ct. 224 (2016), *reh'g denied,* 137 S. Ct. 460 (2016) ("Section 924(c) prohibits the possession of a firearm in furtherance of a crime of violence *or* a drug trafficking crime.") (emphasis in original). Put simply, in the context of a *Johnson* analysis, convictions under § 924(c) based upon a drug trafficking crime are separate and distinct from those based on a "crime of violence." *Johnson* only applies to the latter; the *Myers* decision does not change that fact.

Rather, district courts within the Fourth Circuit have uniformly held that the precise challenge raised by Movant is unequivocally without merit. *See, e.g., Amaker v. United States*, No. 2:05-cr-00149, 2017 WL 1073416, at *4 (S.D.W. Va. Feb. 15, 2017), *report and recommendation adopted,* 2017 WL 1059016 (S.D.W. Va. Mar. 20, 2017)

("Movant was convicted and sentenced under 18 U.S.C. § 924(c)(1)'s provision pertaining to the use of and carrying a firearm during and in relation to *drug trafficking crime.* Neither Movant's conviction nor sentence rests upon Section 924(c)'s definition of a 'crime of violence.' Thus, *Johnson* is inapplicable to the circumstances of Movant's case.") (citation omitted); *Grant v. United States*, No. 1:15-cr-00006, 2017 WL 6403012, at *1 (N.D.W. Va. Oct. 4, 2017) ("While the Supreme Court's holding in *Johnson* also may apply to the § 924(c) crime-of-violence definition, Grant was not convicted of using or carrying a firearm in connection with a crime of violence. Rather, he was convicted of using or carrying a firearm in connection with a drug trafficking crime. The definition of a drug trafficking crime does not contain the language of the residual clause invalidated in *Johnson*. Therefore, *Johnson* is simply inapplicable to Grant's case.") (citation omitted); *Williams v. United States*, No. 5:14-cr-75-1H, 2018 WL 3550270, at *1 (E.D.N.C. July 24, 2018) (stating that the petitioner's "two convictions under 18 U.S.C. § 924(c) were based upon possession of a firearm in furtherance of drug trafficking crimes and not crimes of violence or violent felonies" and "[t]herefore, the Supreme Court's decisions in *Johnson* and *Welch*, invalidating the residual clause of ACCA's definition of violent felony, cannot provide a basis for [the] petitioner's requested relief."); *United States v. Deane*, No. 3:10-cr-00033-2, 2017 WL 1957535, at *2–3 (W.D. Va. May 10, 2017) (stating that § 2255 movant's conviction was based upon his use of a firearm to further a drug conspiracy and "[a]ccordingly, only the 'drug trafficking crime' component of § 924(c)(1)(A) affected his sentence. The other type of crime referenced in the statute, 'crime of violence,' played no role in his conviction and sentence. *Johnson* has never called into question convictions for serious drug offenses. Instead, *Johnson* invalidated a part of the ACCA's definition of a 'violent felony,' which employed language similar to that used to define a 'crime of

violence.'"); *United States v. Wilkerson*, No. 3:09-cr-235, 2017 WL 3122658, at *2 (E.D. Va. July 21, 2017) (denying a § 2255 motion, stating that "the *Johnson* decision has no applicability to Wilkerson's case, as his conviction under 18 U.S.C. § 924(c)(1)(A) was predicated on a drug trafficking crime, not a crime of violence.").

In basic terms, the statute under which Movant was convicted could be violated in either of two ways: by possession of a firearm in connection with a crime of violence or by possession of firearm in connection with drug trafficking. Movant was convicted and sentenced under the latter option: possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 12). *Myers*, a case which considered whether restitution was proper, in no way altered the above analysis or converted possession of a firearm in connection with drug trafficking into a crime of violence. Therefore, Movant's argument that his conviction must be vacated based upon the unconstitutional vagueness of the term "crime of violence" at it appears in § 924(c)(1)(A) and is defined in § 16(b) is inapplicable to his conviction and sentence. For the reasons stated above, based on the fact that Movant asserts no potentially meritorious basis for a § 2255 motion, the undersigned **FINDS** that his motion should be denied and his case should be dismissed with prejudice.

### III.   Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 15), be **DENIED,** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED:** August 27, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge